IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL A. DOTTS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-0601-S-MHW |
| | ) | |
| v. | ) | **INITIAL REVIEW ORDER** |
| | ) | |
| STATE OF IDAHO, | ) | |
| JEFF CONWAY, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Petitioner Michael Dotts has filed a Petition for Writ of Habeas Corpus with this Court. The Court now reviews the Petition to determine whether it is subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

I.

**STANDARD OF LAW**

In order to have a habeas corpus petition heard in federal court, a petitioner must allege that he is held in custody under a state court judgment and that such custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). The

**INITIAL REVIEW ORDER - 1**

Court is required to review a petition initially to determine whether it is subject to summary dismissal. *See* Rule 4 of the Rules Governing Section 2254 Cases. Summary dismissal is appropriate where "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *Id*.

## II.

## DISCUSSION

In 2000, Petitioner pled guilty in state district court to one count of grand theft and one count of forgery. The state district court subsequently sentenced him to concurrent terms of twelve years in prison, with the first five years fixed. Petitioner's direct appeal and his state post-conviction action were unsuccessful, and the last state court matter appears to have concluded on July 7, 2004.

In the current habeas proceeding, Petitioner alleges that his Fifth, Sixth, and Fourteenth Amendment rights were violated by his trial counsel's failure to conduct an adequate investigation or otherwise represent him effectively. *See Petition*, pp. 4-5. Petitioner also contends that trial counsel colluded with the prosecutor and coerced him into pleading guilty. The Court has reviewed the Petition and finds no obvious defects that would warrant dismissal at this time. The Court shall order the Clerk of Court to serve a copy of the Petition on the Respondent, who may respond within 60 days either by answer or pre-answer motion, and who should supply relevant portions of the state court record.

**INITIAL REVIEW ORDER - 2**

Petitioner should be aware of the following habeas standards that may apply to his case.

(1)     Statute of Limitations

The Petition, filed on November 26, 2004, is governed by the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) (enacted in 1996).  Under the AEDPA, a one-year period of limitation applies to an application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The one-year period begins to run from the date of one of four triggering events, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).  The most common triggering event is the date upon which the conviction became final, either after direct appeal or after the time for seeking an appeal expired.  28 U.S.C. § 2244(d)(1)(A).

The statute provides tolling (suspending) of the one-year period for all of "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Thus, to the extent that Petitioner properly filed an application for post-conviction relief in state court, or other collateral review, the time that the application was pending in state court will not count toward the one-year limitation period.

The limitation period also may be equitably tolled under exceptional circumstances.  For equitable tolling to be applicable, a petitioner must show that extraordinary circumstances beyond his control made it impossible to file the habeas petition on time.  *See, e.g., Miles v. Prunty*, 187 F.3d 1104 (9th Cir.1999).

**INITIAL REVIEW ORDER - 3**

(2)     Exhaustion and Procedural Default

In addition to satisfying the statute of limitations, a petitioner must have also "exhausted" his state court remedies before including a claim in a federal habeas petition. 28 U.S.C. § 2254(b).  To exhaust a claim properly, a petitioner must first have fairly presented the federal nature of the claim to the highest state court for review in a procedurally proper manner under state law.  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim.  28 U.S.C. § 2254(b)(2).

Petitioner must also be mindful that state remedies are considered technically exhausted, but not *properly* exhausted, if he failed to pursue a federal claim in state court and there are no remedies now available.  *O'Sullivan*, 526 U.S. at 848.  A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on a clearly expressed and consistently applied state procedural ground.  *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991).  Under these circumstances, the claim is considered to have been "procedurally defaulted."  *Coleman,* 501 U.S. at 731.  If the Respondent in this matter demonstrates that a claim has been procedurally defaulted, the claim will not be heard unless Petitioner shows either that there was legitimate cause for the default and that

**INITIAL REVIEW ORDER - 4**

prejudice resulted from the default, or, alternatively, Petitioner is actually innocent, and that there will be a miscarriage of justice if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

If a petitioner cannot show cause and prejudice for his procedural default, he can still bring the claim in a federal habeas petition if he demonstrates that failure to consider the claim will result in a "fundamental miscarriage of justice," which means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. The petitioner must show that "in light of the new evidence, no juror, acting reasonably, would have voted to find [the defendant] guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 329 (1995). Upon such a showing, a petitioner may proceed with his claims, provided that his claim of actual innocence is accompanied by an assertion of nonharmless constitutional error at trial. *Id.* at 316.

**INITIAL REVIEW ORDER - 5**

  (3) <u>Claims Proceeding on Merits</u>

 Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III.

### PRELIMINARY MOTIONS

 Petitioner has requested in forma pauperis status. At the time he filed his Petition, Petitioner had $.41 in his prison trust account, and his request to proceed in forma pauperis shall be granted.

 Petitioner has also requested appointment of counsel. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson,* 501 U.S. 722, 755 (1991). A habeas petitioner does have a right to counsel, as provided by rule, if an evidentiary hearing is required in his case. *See* Rule 8(c) of the Rules Governing Section 2254 Cases. In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on a petitioner's ability to articulate his claims in light of the complexity of the legal issues

**INITIAL REVIEW ORDER - 6**

and his likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

It is unclear whether Petitioner will be able to proceed on the merits of his case or whether an evidentiary hearing will be necessary. As a result of the foregoing, Petitioner's motion is denied at this time.

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Petitioner's Application for In Forma Pauperis Status (Docket No. 1) is GRANTED.

IT IS FURTHER HEREBY ORDERED that Petitioner's request for the assistance of counsel, contained within his Petition, is DENIED.

IT IS FURTHER HEREBY ORDERED that the Clerk of Court shall serve the Petition (Docket No. 3), with Petitioner's Affidavit in Support (Docket No. 4), together with a copy of this Order, on the Attorney General for the State of Idaho, on behalf of Respondents, as follows:

>L. LaMont Anderson
>Office of the Idaho Attorney General
>P.O. Box 83720
>Boise, ID 83720-0010.

IT IS FURTHER HEREBY ORDERED that Respondent shall file an answer or pre-answer motion within 60 days after entry of this Order. Respondent shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all

**INITIAL REVIEW ORDER - 7**

portions of the state trial record that have been transcribed previously that are relevant to a determination of the issues presented. Any state court pre-sentence evaluation report shall be filed under seal of this Court without an accompanying motion.

IT IS FURTHER HEREBY ORDERED that Respondent and Petitioner shall file any dispositive motions within 90 days after entry of this Order. Responses to dispositive motions shall be due within 30 days after service of motions. Reply briefs shall be due within 14 days after service of responses. These deadlines supersede those specified in the "Notice to Pro Se Litigants of the Summary Judgment Rule Requirements."

IT IS FURTHER HEREBY ORDERED that all Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.1 and 7.1.

IT IS FURTHER HEREBY ORDERED that Petitioner shall at all times keep the Court and Respondent advised of any changes in address. Failure to do so may result in dismissal of this action.

DATED: **May 26, 2005**

_____
Honorable Mikel H. Williams
United States Magistrate Judge

**INITIAL REVIEW ORDER - 8**