IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MICHAEL ALMEN DOTTS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 04-0601-S-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| STATE OF IDAHO, | ) | |
| JEFF CONWAY, Warden, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondents' Motion for Summary Dismissal. (Docket No. 12.) The parties have consented to a United States Magistrate Judge exercising jurisdiction in this case, in accordance with 28 U.S.C. § 636(c). (Docket No. 10.) To avoid further delay, the Court has determined that the Motion will be submitted on the briefing and the record without oral argument. *See* D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth more fully herein, Respondent's Motion will be granted and this case will be dismissed.

**I.**

**Memorandum Decision and Order - 1**

## BACKGROUND

On March 22, 2000, the State of Idaho charged Petitioner in Bonner County Case No. CR-00-600 with one count of grand theft for stealing a Polaris four-wheeler. *State's Lodging A-1*, pp. 3-4, 17-18. A month later the State charged Petitioner in Bonner County Case No. CR 00-802 with forgery for making or passing a forged check. *State's Lodging A-2*, pp. 2-3, 16-17.

As part of a plea agreement, Petitioner agreed to plead guilty to the charges in these cases in exchange for the State's agreement, in part, not to pursue additional charges against him and not to charge his girlfriend with forgery. *State's Lodging A-4*, pp. 4-25. After receiving the presentence investigation report, which reflected a substantial criminal history, the district court sentenced Petitioner to concurrent unified terms of twelve years in prison, with five years fixed. *State's Lodging A-1*, pp. 23-25; *State's Lodging A-2*, pp. 24-26. Petitioner filed timely *pro se* notices of appeal. *State's Lodging B-9*, p. 11; *State's Lodging C-1*, p. 16. Petitioner also filed a letter in the district court, which the court construed as a request to reduce his sentences. *State's Lodging A-3*, pp. 5-6. The court denied the request as untimely and on the merits. *State's Lodging A-3*, pp. 7-9.

On appeal Petitioner argued only that his sentences were unduly harsh and that the district court abused its discretion in denying his motion to reduce his sentences. *State's Lodging B-2*. The Idaho Court of Appeals affirmed. *State's Lodging B-4*. Petitioner

**Memorandum Decision and Order - 2**

filed a *pro se* Petition for Review in the Idaho Supreme Court, which was denied. *State's Lodging B-10*.

On April 18, 2002, Petitioner submitted an application for post-conviction relief in state district court, alleging that his counsel conspired with the prosecutor to coerce him into pleading guilty, failed to file a notice of appeal, and failed to file a motion for reduction of sentence. *State's Lodging C-1*, pp. 1-5. The district court summarily denied the application. *State's Lodging C-1*, pp. 85-88. Petitioner's appeal was likewise unsuccessful. *State's Lodging D-3, D-10*.

On November 26, 2004, Petitioner filed the current Petition for Writ of Habeas Corpus. Petitioner alleges that his trial counsel was constitutionally ineffective in failing to "investigate witnesses" and "gather evidence," and in coercing Petitioner to plead guilty. *See Petition*, pp. 4-5. Respondents Jeff Conway and State of Idaho have now submitted a Motion for Summary Dismissal, alleging that all claims are procedurally defaulted.

For the reasons that follow, the Court agrees with Respondents that Petitioner did not fairly present any federal constitutional claims in the Idaho Supreme Court and that the current habeas claims are procedurally defaulted without a showing of cause and prejudice. The Court further concludes that even if Petitioner's narrow allegation that he was coerced into pleading guilty is not defaulted, it would fail on its merits.

**Memorandum Decision and Order - 3**

## II.

## DISCUSSION

A. <u>Standard of Law</u>

A habeas petitioner must have first exhausted his state court remedies before a federal court can grant relief on a constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a federal constitutional claim properly, a petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004). In Idaho, this means that a constitutional claim must have been presented at least in a petition for review in the Idaho Supreme Court.

The mere similarity between a state law claim and a federal claim does not constitute proper exhaustion of the federal claim. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Instead, the petitioner must ordinarily cite the constitutional provision that supports his claim, federal cases that apply the constitutional rule, or state court cases that clearly analyze the federal claim. *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003).

A habeas petitioner's failure to raise a constitutional claim in state court will result in a procedural default if the petitioner would now be barred from raising the claim under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). A

**Memorandum Decision and Order - 4**

procedurally defaulted claim will not be considered unless the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is actually innocent. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

    B.    <u>Analysis</u>

Petitioner has not properly exhausted any constitutional claims in this matter. During his direct appeal in the Idaho Court of Appeals, Petitioner relied solely upon state law to argue that his sentences were excessive and that the district court abused its discretion in denying his motion to reduce those sentences. *State's Lodgings B-2*. In particular, Petitioner did not allege that his convictions or sentences violated any federal constitutional provisions.

In his subsequent *pro se* Petition for Review in the Idaho Supreme Court, he vaguely contended that he was "coerced" into pleading guilty, but rather than presenting this squarely as a constitutional claim, Petitioner simply noted his counsel's alleged malfeasance in passing. *See State's Lodging B-9*. In any event, the presentation of a new issue to the Idaho Supreme Court that was not considered by the Court of Appeals would have been procedurally improper under Idaho law. *See State v. Camp*, 8 P.3d 657, 663 (Idaho Ct. App. 2000).

Similarly, while Petitioner may have raised ineffective assistance of counsel claims in his application for post-conviction relief in state district court and, perhaps, in the

**Memorandum Decision and Order - 5**

Idaho Court of Appeals during that collateral appeal, he did not provide a federal constitutional basis for any of his arguments in his subsequent Petition for Review in the Idaho Supreme Court. *State's Lodging D-1*; *State's Lodging D-9*.

The time to present a federal constitutional claim to the highest state court has long since passed, and all habeas claims are therefore procedurally defaulted. Petitioner has not come forward with a valid reason to excuse the default, and the Court has reviewed the record and has found none. The exception for a fundamental miscarriage of justice is also not applicable to this case. *See Schlup v. Delo*, 513 U.S. 298 (1995) (default may be excused upon compelling evidence of actual innocence).

The Court further concludes that the only allegation in the Petition that is remotely similar to any claim that was raised in the state courts would fail on the merits even if it had been properly exhausted. *Cf.* 28 U.S.C. § 2254(b)(2) (a court may deny an unexhausted petition on the merits). In that claim, Petitioner contends that his attorney worked with the prosecutor to "coerce" Petitioner into pleading guilty, apparently because the prosecutor had threatened to prosecute Petitioner's girlfriend, Tara Ramirez, for forgery if he did not enter a guilty plea. *See Id.*

Petitioner makes much of his former attorney's apparent ethical problems, and it does appear that the Idaho State Bar is attempting to disbar the attorney for repeated misconduct in several cases. *See Attachments to Petitioner's Affidavit in Support of Petition.* This, however, does not establish a *per se* violation of the Sixth Amendment in

**Memorandum Decision and Order - 6**

Petitioner's case.  Rather, Petitioner must still show that his attorney's representation (1) fell below an objective standard of reasonableness and (2) that he was prejudiced as a result.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  To demonstrate prejudice in the guilty plea context, a petitioner must prove that but for his counsel's alleged error, he would have not pled guilty and would have insisted on going to trial.  *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner has shown neither deficient representation nor prejudice.  During the change of plea hearing, the prosecutor informed the court that the plea agreement included the State's promise to refrain from prosecuting Ms. Ramirez for forgery in exchange for Petitioner's agreement to pay full restitution.  *State's Lodging A-4*, pp. 5-6.  Petitioner does not contend that the State lacked a good faith basis to prosecute Ramirez had it wanted to; nor could he, as the record discloses that the prosecutor believed that Ramirez had forged at least two checks.  *State's Lodging A-4*, p. 5.  In general, there is no constitutional violation when a defendant agrees to enter a guilty plea based, at least in part, on a desire to spare a loved one from a good faith prosecution.  *See Politte v. Untied States*, 852 F.2d 924, 930 (7th Cir. 1988); *Mosier v. Murphy*, 790 F.2d 62, 66-67 (10th Cir. 1986).  Furthermore, Petitioner does not claim that he would have refused to plead guilty and would have insisted on going to trial, facing the possibility of several more charges and additional prison time.

**Memorandum Decision and Order - 7**

Therefore, the Court finds that Petitioner entered his guilty pleas knowingly, voluntarily, and intelligently, and with the effective assistance of counsel. The state court's resolution of the claim was neither (1) contrary to, or involved an unreasonable application of, clearly established federal law, nor (2) involved an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

## III.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondents' Motion for Summary Dismissal (Docket No. 12) is GRANTED.

DATED: January 25, 2006

Honorable Mikel H. Williams
United States Magistrate Judge